Anet Drapalski (SBN 282086)
 E-Mail: adrapalski@fisherphillips.com
J. Misa Keelan (SBN 322129)
 E-Mail: mkeelan@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendants
ONERPM STUDIOS, LLC, VERGE RECORDS
INTERNATIONAL, INC. and EMMANUEL
ZUNZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON HAMAMURA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> ONERPM STUDIOS, LLC, a foreign limited liability company; VERGE RECORDS INTERNATIONAL, INC., a foreign corporation; EMMANUEL ZUNZ, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: <br><br> [Removed from Los Angeles Superior Court Case No. 23STCV18354] <br><br> **DEFENDANT ONERPM STUDIOS LLC'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446** <br><br> *[Filed Concurrently with Civil Cover Sheet; Declarations of J. Misa Keelan, Cyrielle Hamlett, and Emmanuel Zunz; Corporate Disclosure Statement; Notice of Related Cases; Consent to Removal; and Certificate of Interested Parties]* <br><br> Complaint Filed:   August 3, 2023 <br> Trial Date:   None Set |

NOTICE AND PETITION OF REMOVAL

FP 48080273.2

**TO PLAINTIFF, HER COUNSEL OF RECORD AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, Defendant ONERPM STUDIOS, LLC ("ONErpm"), by and through their counsel of record Fisher & Phillips LLP, respectfully petition for removal of the action filed by Plaintiff ALLISON HAMAMURA ("Plaintiff' or "Hamamura") from the Superior Court of the State of California, County of Los Angeles, Case Number 23STCV18354, to the United States District Court for the Central District of California – Western Division. This removal is based on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b) and is timely under 28 U.S.C. § 1446. The grounds for removal are as follows:

## I.   STATEMENT OF JURISDICTION

1. This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth below. *See* 28 U.S.C. §§ 1332, 1441(b).

## II.   VENUE

2. This action was filed in the California Superior Court for the County of Los Angeles. Thus, venue properly lies in the United States District Court for the Central District of California – Western Division. *See* 28 U.S.C. §§ 84(c), 1391, and 1441.

## III.   PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

3. On August 3, 2023, Plaintiff filed an unverified Complaint against ONErpm, Verge Records International, Inc. ("Verge Records"), and Emmanuel Zunz ("Zunz") in the Superior Court of the State of California, County of Los

NOTICE AND PETITION OF REMOVAL

FP 48080273.2

Angeles, entitled *Allison Hamamura v. ONErpm Studios, LLC, et al.* Case No. 23STCV18354 ("State Lawsuit"). *See* Declaration of J. Misa Keelan ("Keelan Decl.") ¶ 3, **Exhibit A.**

4.     The Complaint alleges nine (9) causes of action for: (1) Wrongful Termination in Violation of Public Policy; (2) Retaliation in Violation of Labor Code § 1102.5; (3) Defamation; (4) Intentional Infliction of Emotional Distress; (5) Retaliation in Violation of the Fair Employment and Housing Act; (6) Gender Discrimination; (7) Failure to Prevent Discrimination; (8) Harassment/Hostile Work Environment; and (9) Declaratory Relief. *Id.* ¶3, **Exhibit A.**

5.     On August 8, 2023, Plaintiff filed a substituted proof of service for ONErpm, Verge Records, and Zunz indicating that records were left at the place of business on August 7, 2023 and thereafter mailed on the same date. However, such service was improper and, even if proper, is not considered completed until **August 17, 2023** pursuant to California Code of Civil Procedure Section 415.20(b)(substituted service is "deemed complete on the 10th day after the mailing.") Keelan Decl. ¶ 4, **Exhibit B.**

6.     The parties met and conferred and agreed that counsel for Defendants would execute Notices and Acknowledgments of Receipt on behalf of all Defendants and that the date the Notices were executed would control the service date pursuant to California Code of Civil Procedure Section 415.30(c)(service by mailing "is deemed complete on the date a written acknowledgement of receipt of summons is executed.") Keelan Decl. ¶ 5.

7.     On August 11, 2023, counsel for Plaintiff sent Notices and Acknowledgements of Receipt of the Summons, Complaint, Civil Cover Sheet and Addendum; Notice of Case Assignment, ADR Packet, First Amended General Order Voluntary Efficient Litigation, and DFEH Right-to-Sue Letter for Defendants ONErpm, Verge Records, and Zunz.  Keelan Decl. ¶ 6.

8.     On August 15, 2023, counsel for Defendants executed the above-listed

NOTICE AND PETITION OF REMOVAL

FP 48080273.2

Notices and Acknowledgements of Receipt for each Defendant. Keelan Decl. ¶7, **Exhibit C.** As such, the Complaint was served on all Defendants on August 15, 2023. *Id.*

9.    Verge Records' and Zunz's consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A) was filed and served concurrently with ONErpm's Notice of Removal. *See* Keelan Decl., ¶ 10.

10.    As of the date of this Notice of Removal, no other process, pleadings, and/or orders have been served upon ONErpm, Verge Records, and/or Zunz in the State Lawsuit. Keelan Decl. ¶ 9.

11.    This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based. *See* 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (11th Cir. 1999). In addition, this Notice of Removal has been filed within one year of commencement of the State Lawsuit as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal has been timely filed.

## IV.    GROUNDS FOR REMOVAL

### A.    Complete Diversity of Citizenship Exists Between Plaintiff Hamamura and All Defendants.

#### 1.    Citizenship of Plaintiff ALLISON HAMAMURA.

12.    For diversity purposes, a person is a "citizen" of the state in which she is domiciled. 28 U.S.C. § 1332 (a)(1); *Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal.

FP 48080273.2

Feb. 3, 2011). In fact, it is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986). Citizenship is measured both when the action is filed and removed. *Strotek Corp. v. Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The presumption of continuing domicile provides that, once established, a person's state of domicile continues unless rebutted. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013).

13. In her Complaint, Plaintiff alleges that "at times relevant hereto" she has been resident of the State of California and resides in the County of Los Angeles. *See* Keelan Decl., ¶ 3, **Exhibit A**, Compl. ¶ 1. Nothing in the Complaint or other pleadings suggest otherwise. Accordingly, Plaintiff is domiciled in and is a citizen of the State of California. And, the presumption of continuing domicile provides a legal presumption that Plaintiff is still a resident of the State of California.

### 2.    *Citizenship of ONERPM STUDIOS, LLC.*

14. At the time Plaintiff filed the Complaint in the Los Angeles County Superior Court, ONErpm was (and remains) a citizen of Virginia. Declaration of Cyrielle Hamlett ("Hamlett Decl."), ¶¶ 3–4, 7, **Exhibit E**; *see also* Declaration of Emmanuel Zunz ("Zunz Decl."), ¶¶ 2–3. In determining the citizenship of an LLC, courts look to the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006); *Great S. FireProof Hotel Co. v. Jones*, 177 U.S. 449, 456–57 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation"). *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 n. 2 (9th Cir. 2002) (unincorporated associations are not legal entities independent of their members).

NOTICE AND PETITION OF REMOVAL

FP 48080273.2

15. At the time of the filing of this action, ONErpm was and continues to be a limited liability company that was incorporated in the state of New York with a principal place of business in New York. Hamlett Decl., ¶¶ 3–4, **Exhibit E.** ONErpm controls, directs, and coordinates the company's business activities from its New York headquarters. Hamlett Decl., ¶ 4. Since May 1, 2015, ONErpm's sole member has been Emmanuel Zunz, who is domiciled in Virginia. Hamlett Decl., ¶¶ 4, 7; *see also* Zunz Decl., ¶¶ 2–3. Accordingly, since ONErpm's citizenship is determined by the citizenship of its members, ONErpm is a citizen of Virginia. And, contrary to Plaintiff's allegations in the Complaint, although ONErpm is not a California citizen, ONErpm is authorized to transact business in California. Hamlett Decl., ¶¶ 3, 5 **Exhibit E***; see also* Zunz Decl., ¶¶ 2–3**.**

### 3. *Citizenship of VERGE RECORDS INTERNATIONAL, INC.*

16. At all times alleged in the State Lawsuit and at the time this Notice of Removal was filed, Verge Records was (and remains) a corporation incorporated Tennessee with a principal place of business in Tennessee. *See* Zunz Decl., ¶ 4, **Exhibit G.**

17. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (U.S. 2010). This is the corporation's "nerve center." *Id.* at 1181. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id*. at 93. The "nerve center" analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092–93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining, among other factors, where the

FP 48080273.2

corporation's headquarters are located and where its principal policy and executive decisions are made).

18.     At all times alleged in the State Lawsuit and at the time this Notice of Removal was filed, Verge Records was, and is, incorporated in the State of Tennessee. *See* Zunz Decl., ¶ 4, **Exhibit G**. Defendant Verge Records principal place of business is, and was, located in Nashville, Tennessee as of the date the State Lawsuit and this Notice of Removal were filed. *See id*. Defendant Verge Records controls, directs, and coordinates the company's business activities at its Tennessee headquarters. *See id*. Accordingly, Defendant Verge Records is a citizen of the state of Tennessee as it is incorporated in Tennessee and has its principal place of business in Tennessee.

### 4.     *Citizenship of EMMANUEL ZUNZ.*

19.     At all times alleged in the State Lawsuit and at the time this Notice of Removal was filed, Zunz is, and was, an individual domiciled in the State of Virginia. Zunz Decl., ¶ 2.

20.     As discussed above, for diversity purposes, a person is a "citizen" of the state in which he is domiciled. 28 U.S.C. § 1332 (a)(1); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013). Zunz has resided in Virginia since March of 2022. Zunz Decl., ¶ 2. At all times alleged in the Sate Lawsuit and at the time this Notice of Removal was filed Zunz resided and resides in Virginia and is therefore a citizen of Virginia. *Id*. Zunz has never resided in California or owned a residential property in California. *Id*. In fact, prior to residing in Virginia, Zunz resided in Tennessee from 2016 until March 2022. *Id*. Therefore, Zunz is a citizen of Virginia **and not a citizen of California**.

///

NOTICE AND PETITION OF REMOVAL
FP 48080273.2

### 5.      Citizenship of DOE DEFENDANTS.

21.     The Complaint also names as Defendants DOES 1 through 100 ("DOE Defendants").  The Complaint does not set forth the identity or status of any of the fictitious defendants, nor does it set forth any charging allegation against any fictitious defendant.  The one hundred "Doe" Defendants named in the Complaint are not considered in assessing diversity.  Pursuant to 28 U.S.C. section 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998); *Fristos v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of DOES 1 through 100 does not deprive this Court of jurisdiction.   Accordingly, the citizenship of the alleged DOE Defendants does not impact the diversity analysis for removal.

22.     Accordingly, complete diversity exists as Plaintiff is a citizen of California, Defendants ONErpm and Zunz are citizens of  Virginia and Defendant Verge Records is a citizen of Tennessee. The parties are therefore diverse of citizenship as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A).

### B.      The Amount in Controversy Requirement is Satisfied

23.      Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).

24.     The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome.  In fact, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547,

NOTICE AND PETITION OF REMOVAL

FP 48080273.2

554 (2014). The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014).

25.     Where, as here, a complaint does not state the amount in controversy, Defendants need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). "In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416.

26.     While Defendants adamantly deny Hamamura's allegations, deny any liability, and deny Hamamura has suffered any damages, based upon the allegations contained in the Complaint, the amount of controversy in this action exceeds $75,000, exclusive of interest and costs. For purposes of determining the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Moreover, the amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal. *See Kanter, supra*, 265 F.3d at 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez*

*v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy.

27.    In the instant case, Hamamura alleges nine causes of action seeking recovery of lost wages and employment benefits, emotional distress damages general damages; special damages; loss of earnings; restitution; permanent injunctive and declaratory relief; interest, attorneys' fees and costs; and statutory and civil penalties. Keelan Decl., ¶ 3, **Exhibit A**, ¶ 27 and Prayer ¶¶ a-k.

28.    ONErpm employed Hamamura  as Vice President of A&R and General Manager of ONErpm Los Angeles beginning on or about July 5, 2022 earning a yearly salary of $200,000.00 (i.e., $3,846.15 per week).[1]  Hamlett Decl. ¶ 7, **Exhibit F**.

29.     Plaintiff's employment was terminated on June 1, 2023. Hamlett Decl. ¶ 9.  Plaintiff's salary remained the same throughout her employment. *Id.*

30.    Plaintiff asserts that as a result of her allegedly wrongful termination, she has suffered lost wages and benefits, and also suffered anxiety, humiliation, embarrassment, emotional, and physical distress, and has been injured in mind and body. *See id.,* ¶ 3, **Exhibit A**, Compl. at ¶¶ 27, 34, 40, 48, 54, 60, 65, and 70.

31.    Plaintiff accuses ONErpm of carrying out actions against Plaintiff in a malicious, willful, fraudulent, and oppressive manner, with the intent to injure her. *See id.,* ¶ 3, **Exhibit A**, Compl. at ¶¶ 26, 28,  35, 41, 49, 55, 61, 66, and 71.

32.    The Complaint purports to assert nine causes of action. *See* Keelan Decl., ¶ 3, **Exhibit A**. In the second, third, fourth, fifth, sixth, seventh, and eighth causes of action, Plaintiff seeks damages for lost wages and benefits. *See id.,*

_____

[1] Calculated by dividing $200,000 by 52 weeks per year.

Compl. at ¶¶ 27, 34, 40, 48, 54, 60, 65, 70.

33.    In the second, third, fourth, fifth, sixth, seventh, and eighth causes of action, Plaintiff seeks non-economic damages and exemplary and punitive damages, and attorneys' fees and costs. *See id.*, ¶ 3, **Exhibit A**, Compl. at ¶¶ 29, 36, 41, 55, 56, 61, 62 66, 67, 71, 72; Prayer for Relief.

34.    As discussed above, Plaintiff's employment was terminated on June 1, 2023. Hamlett Decl., ¶ 9. Between the date of her termination and the date of this Notice of Removal, approximately 15 weeks have passed. Accordingly, Plaintiff's backpay is $57,692.25 (calculated as $3,846.15 weekly salary over 15 weeks), as of the date of this Notice of Removal. *See id.* ¶¶ 7, 9, **Exhibit F**. However, Plaintiff seeks lost wages from the date of her termination through trial. It is also likely that trial will not be set for at least a year after the filing of this Notice of Removal (that is, approximately 67 weeks after Plaintiff's employment resignation)—at which point, Plaintiff's amount in back pay claim will be approximately **$257,692.05** (calculated as $3,846.15 weekly salary over 67 weeks).[2] *See id.*   Courts in the Central District have expressly held that, for purposes of calculating the amount in controversy in employment cases, one year is a "very conservative" estimate of the time period between removal and trial. *See Barajas v. Wells Fargo Bank, N.A.,* No. EDCV 21-00844 JAK (SPx), 2022 WL 819928, at *4 (C.D. Cal. Mar. 18, 2022). Thus, Plaintiff's claim for lost wages alone satisfies the amount in controversy requirement. *See Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005) (plaintiff's lost wages are included in amount in controversy); *Browand v. Ericsson Inc.,* No. 18-CV-02380-EMC, 2018

---

[2] Defendants do not concede that Plaintiff has stated a claim on which relief can be granted, that she suffered any damages, or that Defendants are responsible for any damages she may have suffered. In fact, Defendants deny all of these allegations and contend that Plaintiff's claims are meritless, and she is not entitled to any damages. Defendants reserve all defenses, including but not limited to defenses relating to failure to mitigate, legitimate business reasons for termination, and the after acquired evidence defense.

WL 3646445, at *5 (N.D. Cal. Aug. 1, 2018) (defendants' calculation that plaintiff would be owed more than $75,000 in backpay if she was wrongfully terminated sufficient to establish amount in controversy); *Tukay v. United Cont'l Holdings, Inc.*, No. 14-CV-04343-JST, 2014 WL 7275310, at *2 (N.D. Cal. Dec. 22, 2014) (defendant's reasonable calculation that plaintiff's backpay exceeds $75,000 sufficient to establish the amount in controversy).

35.    Plaintiff's potential front pay damages are also considered in establishing the amount in controversy. *See Chavez*, 888 F.3d at 417–18 (where "a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy.").  Such damages can include pay for multiple years of employment. *See, e.g.*, *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (4 years' pay deemed reasonable as "front pay" damages).  Notably, here, Plaintiff could in theory seek front pay damages for multiple years.  Based on Plaintiff's yearly payrate of $200,000.00, as discussed above, the following table is instructive for Plaintiff's putative front pay award:

| Six Months Front Pay | One Year Front Pay | Two Years Front Pay | Three Years Front Pay |
|---|---|---|---|
| $100,000.00 | $200,000.00 | $400,000.00 | $600,000.00 |

36.    Thus, Plaintiff's front pay claim alone meets the threshold amount in controversy for diversity jurisdiction, even if the conservative six months front pay is considered.[3]

37.    Plaintiff's allegations of emotional distress damages should also be considered when assessing the amount in controversy. *See Kroske*, 432 F.3d at 980;

---

[3] Defendants do not concede that Plaintiff is entitled to front pay damages and in fact denies that Plaintiff was damaged by any of Defendants' alleged conduct. Defendants reserve all of their defenses.

FP 48080273.2

*Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). As part of her first through eighth causes of action, Plaintiff alleges Defendants have caused her emotional distress, humiliation, embarrassment and mental anguish." *See* Keelan Decl., ¶ 3, **Exhibit A**, Complaint, ¶¶ 27, 34, 40, 48, 54, 60, 65, 70. The fact that Plaintiff's request for emotional distress damages is vague has no bearing; "[t]he vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude [the] Court from noting that these damages are potentially substantial." *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995) (emotional distress damages "potentially substantial" even though certain amount not alleged); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (finding that "emotional distress damages in a successful employment discrimination case may be substantial").  Instead, courts in the Central District look to similar jury verdicts to determine whether plaintiff's claims can satisfy the amount in controversy requirement.  *Downs v. Adidas Am.*, No. 22-2690, 2022 WL 2116340, at *4 (C.D. Cal. June 13, 2022).

38.    To that end, employment cases alleging similar emotional distress injuries have resulted in verdicts that well exceed the diversity jurisdiction threshold of $75,000. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) ($300,000 emotional distress award where plaintiff suffered depression and other mental anguish following discrimination, even where plaintiff did not formally consult a doctor, did not take any medication for her condition, and continued to work); *Zanone v. City of Whittier*, 162 Cal. App. 4th 174, 183, 185 (2008) (affirming emotional distress award of $660,000 on plaintiff's FEHA discrimination and retaliation claims where plaintiff suffered "stress, anxiety and depression"); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (affirming award of more than $450,000 for emotional distress for FEHA discrimination claims where plaintiff suffered "nightmares, loss of appetite, and loss of interest in ordinary activities"); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App.

NOTICE AND PETITION OF REMOVAL
FP 48080273.2

4th 397, 410 (1994) (affirming award of more than $110,000 in emotional distress damages in employment discrimination case where plaintiff was diagnosed with anxiety); *Lave v Charter Commc'ns, LLC*, No. RIC 1508865, 2017 WL 2901375, at *3 (Cal. Super. Ct. June 07, 2017) (verdict awarding $575,000 in emotional distress damages where FEHA and IIED plaintiff experienced depression, insomnia, irritability, and anxiety); see also *Glenn-Davis v. City of Oakland*, No. C 02- 02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims).

39. Therefore, it is not only reasonable, but likely to assume that Plaintiff's claims for non-economic and emotional distress damages alone, are sufficient to satisfy the amount in controversy requirement. This is true even in cases where the underlying economic damages are not as significant. *Simpson v. Off. Depot, Inc.*, No. CV 10-02512 DMG (EX), 2010 WL 11597950, at *3 (C.D. Cal. June 21, 2010) (denying motion to remand in FEHA action finding that "[e]motional distress awards in California for wrongful termination in violation of public policy and discrimination under [FEHA]…can be large relative to the underlying economic damages."; collecting cases in which emotional distress verdicts exceeded 200% of economic damages). Here, even applying a conservative ratio of 1:1 (emotional distress to economic damages) to Plaintiff's economic damages would place the amount in controversy over the threshold at **$257,692.05**. Accordingly, Plaintiff's claim for emotional distress injuries establishes the amount in controversy.

40. Plaintiff's claim for punitive damages can also be considered when assessing the amount in controversy.[4] Employment cases in California have

---

[4] Defendants strongly deny that Plaintiff would be entitled to any punitive damages and plan to move to summarily dismiss any such claim for damages. Notably, Defendants deny any and all allegations in Plaintiff's Complaint and deny any

NOTICE AND PETITION OF REMOVAL
FP 48080273.2

resulted in punitive damages awards exceeding $75,000. *See Pande v. ChevronTexaco Corp.*, No. C-04-05107 JCS, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on CFRA, FEHA, and related violation of public policy under California law claims); *Alvarado v. Fed. Express Corp.*, No. C 04-0098 SI, 2008 WL 744824, at *5 (N.D. Cal. Mar. 18, 2008) (upholding $300,000 punitive damages award in discrimination case); *Harvey v. Sybase, Inc.*, 76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008) (reinstating $500,000 punitive damages award on plaintiff's FEHA discrimination claims); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998) (affirming $3.5 million punitive damages award against employer in FEHA discrimination case); *Hunio v. Tishman Const. Corp. of Cal.*, 18 Cal. Rptr. 2d 253, 257, 266 (Cal. Ct. App. 1993) (finding award of $1 million in punitive damages on discriminatory constructive discharge cause of action was "certainly within permissible limits"). Accordingly, Plaintiff's punitive damages claim establishes the amount in controversy. *See Rodriguez*, 2016 WL 3902838, at *6 (claim for punitive damages in employment discrimination and retaliation case established amount in controversy because punitive damage awards in similar cases have exceeded jurisdictional threshold). Here, applying a conservative punitive damages award ratio of 2:1 would double the amounts in controversy stated in above for Plaintiff's emotional distress damages.

41.     Plaintiff also seeks to recover an unspecified amount in attorneys' fees related to all causes of action.  Keelan Decl., ¶ 3, **Exhibit A**,  Prayer ¶ f.  In the language of another court, "[w]hen attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams, supra*, 53 F.Supp.3d at p. 153.  This conclusion is only further supported by the fact that in the Ninth Circuit, district courts have the discretion to

wrongdoing.

calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted). As such, even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy [] could be lower than $75,000 when the [attorneys'] fees are factored in along with" other available damages. *Parker-Williams, supra*, 53 F.Supp.3d at p. 152. Courts in the Central District include attorneys' fees accrued through trial when determining the amount in controversy. *Baker v. Tech Data Corp.*, No. 5:21-cv-02096-JWH (SPx), 2022 WL 1080944, at *2 (C.D. Cal. Apr. 11, 2022). Estimates for the time expended through trial for a *single plaintiff* employment case in the Central District range from 100 to 300 hours. *See Baker*, 2022 WL 1080944, at *2 (denying motion to remand based solely on reasonable estimate of $100,000 in attorneys' fees). Applying even a conservative estimate of 100 hours through trial based on a reasonable hourly rate of $400, Plaintiff's attorneys' fees would amount to an additional $40,000 on top of all other amounts discussed above.

42. Based on the foregoing, Plaintiff's distinct claims for damages independently establish that the amount in controversy in this case exceeds $75,000, and in the aggregate demonstrate that the amount is well above the jurisdictional threshold even when only considering lost wages through removal and attorneys' fees.

| Plaintiff Hamamura | Amount in Controversy |
|---|---|
| Lost Wages | $57,692.25 (through date of removal) |
| Attorneys' Fees | $40,000.00 |
| **Total** | **At least $97,692.25**[5] |

---

[5] Not accounting for any alleged and contested front pay damages, emotional distress damages, and punitive damages through trial. Defendants do not concede that Plaintiff has stated a claim on which relief can be granted, that she suffered any damages, or that Defendants are responsible for any damages she may have

FP 48080273.2

43. In sum, the evidence in the Complaint itself is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional minimum amount of $75,000.00, exclusive of costs and interest. Accordingly, the State Lawsuit may be removed to the United States District Court for the Central District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

## V. PROCEDURAL PREREQUISITES

44. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Central District of California is the appropriate court to which to remove this action from the Los Angeles County Superior Court, where the action was filed. 28 U.S.C § 1441(a) ("Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see Polizzi v. Cowles Magazines*, *Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court (Western Division of the Central District of California) embraces the Los Angeles County Superior Court, which is where Plaintiff's Complaint was filed and where the action is currently pending. Accordingly, this Court is the appropriate court to which to remove this action.

45. As required by 28 U.S.C. § 1446(d), a written notice of this Notice of Removal in the United States District Court for the Central District of California will be served on Plaintiff's counsel of record Mark H. Wagner of Wagner Legal

---

suffered. In fact, Defendants deny all of these allegations and contend that Plaintiff's claims are meritless, and she is not entitled to any damages.

FP 48080273.2

Group, P.C. A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached to the Declaration of J. Misa Keelan as **Exhibit D** (without exhibits because the exhibit is this Notice). Keelan Decl., ¶ 8, **Exhibit D.** In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Los Angeles.

46. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Lawsuit served on Defendants or filed by them are attached to this Notice of Petition for Removal as **Exhibits A-D.**

47. Pursuant to 28 U.S.C. § 1446 (b)(2)(A)-(C), all Defendants who have been joined and served in this matter consent to removal and join in this Notice of Removal.

48. This notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

49. In filing this notice and/or consent to the same, Defendants do not waive any defenses.

50. In filing this notice, Defendants do not admit any of the allegations made in Plaintiff's State Lawsuit and in fact denies all of them.

///

///

///

///

///

///

///

///

///

///

18

NOTICE AND PETITION OF REMOVAL

FP 48080273.2

## VI.   <u>CONCLUSION</u>

51.   Complete diversity of citizenship exists between Plaintiff and all Defendants.   Furthermore, the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and Defendants have properly removed the State Lawsuit to this Court.  Based on the foregoing, Defendants pray that the State Lawsuit be removed from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California (Western Division).

DATE:  September 14, 2023          FISHER & PHILLIPS LLP

                                   */s/ J. Misa Keelan*
                              By: _____
                                   Anet Drapalski
                                   J. Misa Keelan
                                   Attorneys for Defendants
                                   ONERPM STUDIOS, LLC, VERGE
                                   RECORDS INTERNATIONAL, INC. and
                                   EMMANUEL ZUNZ

NOTICE AND PETITION OF REMOVAL

FP 48080273.2

**CERTIFICATE OF SERVICE**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On September 14, 2023, I served the following document(s) **DEFENDANT ONERPM STUDIOS LLC'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Mark H. Wagner, Esq.
WAGNER LEGAL GROUP, P.C.
2601 Ocean Park Blvd., Suite 208
Santa Monica, CA 90405

*Attorney for Plaintiff, ALLISON HAMAMURA*

Tel: (310) 857-5293
Email: mark@wagnerlegalgroup.com

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed September 14, 2023, at Los Angeles, California.

Amy Stark
_____
Print Name

By: */s/ Amy Stark*
_____
Signature

1
CERTIFICATE OF SERVICE

FP 48080273.2